UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 13-2310-CAS (PJWx) | Date | June 14, 2013 |
|---|---|---|---|
| Title | JACQUELINE N MERRIMAN VAN VACTOR, ET AL. V. WELLS FARGO BANK, N.A., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers:) ORDER REMANDING CASE

## I.   INTRODUCTION

On July 4, 2012, plaintiffs Jacqueline N. Merriman-Van Vactor and Carlton D. Van Vactor initiated the instant action in the Los Angeles County Superior Court against defendant Wells Fargo Bank, N.A.  Plaintiffs assert the following ten claims for relief: (1) fraud; (2) demand for accounting; (3) intentional misrepresentation; (4) negligent misrepresentation; (5) promissory fraud; (6) violations of Cal. Civil Code §§ 2924 and 2923.5; (7) breach of the implied covenant of good faith and fair dealing; (8) negligence; (9) violations of Cal. Bus. & Prof. Code § 17200, including an improper denial of plaintiffs' application for assistance under the Home Affordable Mortgage Program ("HAMP"); and (10) negligent infliction of emotional distress.

On April 1, 2013, defendant filed a notice of removal.  Defendant contended that this Court has jurisdiction on the basis of both diversity and the presence of a federal question.  In terms of the federal question, defendant contended that because plaintiffs' UCL claim under § 17200 alleges HAMP violations, the claim "arises under" federal law. See Cordon v. Wachovia Mortg., 776 F. Supp. 2d 1029, 1036 (N.D. Cal. 2011).

On June 4, 2013, this Court issued an Order to Show Cause asserting that there was neither diversity nor federal question jurisdiction.[1]  Defendant replied on June 11, 2013.

---

[1] The Court noted in its show cause order that it had previously found Wells Fargo to be a citizen of California for purposes of diversity jurisdiction, and that the Court was not inclined to depart from this conclusion here.  See Dkt. No. 11.  Accordingly, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 13-2310-CAS (PJWx) | Date | June 14, 2013 |
|---|---|---|---|
| Title | JACQUELINE N MERRIMAN VAN VACTOR, ET AL. V. WELLS FARGO BANK, N.A., ET AL. | | |

## II. LEGAL STANDARD

Cases raising a question "arising under the Constitution, laws, or treaties of the United States" may be removed to federal court. 28 U.S.C. § 1331. Whether a case arises under federal law is generally determined by the well-pleaded complaint rule: "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." California Shock Trauma Air Rescue v. State Comp. Ins. Fund, 636 F.3d 538, 541 (9th Cir. 2011) (citations omitted).

The Supreme Court has recently clarified when federal question jurisdiction may arise even where the claim itself originates from state law. In particular, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn v. Minton, – U.S. –, 133 S. Ct. 1059, 1065 (2013). Under this test, "it is not enough that the federal issue be significant to the particular parties in the immediate suit[;] . . . the substantiality inquiry . . . looks instead to the importance of the issue to the federal system as a whole." 133 S. Ct. at 1066.

## III. ANALYSIS

Defendant offers two primary arguments with respect to why removal of this case was proper. First, defendant contends that One & Ken Valley Hous. Group v. Me. State Hous. Auth., — F.3d —, 2013 U.S. App. LEXIS 9678 (1st Cir. May 14, 2013), should control the Court's analysis. Second, defendant argues that, standing alone, this case fulfills all of the factors in Gunn, 133 S. Ct. at 1065, such that federal jurisdiction is proper.

After reviewing defendant's response, the Court finds that it lacks jurisdiction over the instant case. The Gunn factors do not support federal jurisdiction over plaintiff's

---

Court may not exercise jurisdiction over plaintiffs' claims in the absence of a federal question.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 13-2310-CAS (PJWx) | Date | June 14, 2013 |
|---|---|---|---|
| Title | JACQUELINE N MERRIMAN VAN VACTOR, ET AL. V. WELLS FARGO BANK, N.A., ET AL. | | |

claims.[2]  First, the interpretation and application of HAMP is simply not the type of "substantial" federal interest, affecting the federal system as a whole, that supports the extension of federal jurisdiction to state law claims.  See Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 315 (2005).  This deficiency is heightened by the fact that HAMP does not provide a private, federal right of action.  See Wigod v. Wells Fargo Bank, N.A., 673 F.3d 547, 555 (7th Cir. 2012) (explaining that HAMP does not provide a private, federal right of action).  As the Supreme Court has held, the lack of a private, federal right of action weighs against exercising federal jurisdiction over a state law claim.  See Merrell Dow Pharmaceuticals v. Thompson, 478 U.S. 804, 817 (1986).

Second, the Court finds defendant's argument regarding the federal-state balance to be unpersuasive.  As the Ninth Circuit has held, "[s]tate courts frequently handle state-law consumer protection suits that refer to or are predicated on standards set forth in federal statutes.  Exercising federal question jurisdiction over any state law claim that references a federal consumer protection statute would 'herald [] a potentially enormous shift of traditionally state cases into federal courts.'" Nevada v. Bank of America Corp., 672 F.3d 661, 676 (9th Cir. 2012) (citing Grable, 545 U.S. at 319).  Permitting all suits with state law claims that merely reference federal statutes or regulations to be heard in federal court could lead to an impermissible shift in the federal-state balance.

Finally, the Court does not find that the First Circuit's decision in One & Ken Valley controls here.  In that case, the court determined that federal jurisdiction was proper because "the dispute. . . involve[d] a federal contractor's implementation of a federal program; the contracts at issue were drafted and approved by a federal agency. . . and the plaintiffs allege[d] that the contractor. . . was in breach of the agreement by following a guideline promulgated by a federal agency pursuant to a federal statute."  LEXIS 9678 at *16-17.  Unlike One & Ken Valley, there is no federal agency joined in the lawsuit, any judgment will affect only private individuals, and adjudication will

---

[2] By incorporating HAMP into their UCL claim, a federal issue will be raised in this litigation, although likely only a de minimis one.  Moreover, it is unclear to what extent any interpretation or application of HAMP would be disputed.  In any event, the remaining elements set forth in Gunn weigh heavily against federal jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIMPORTA

O

| | | | |
|---|---|---|---|
| **CIVIL MINUTES - GENERAL** | | | JS-6 |
| Case No. | CV 13-2310-CAS (PJWx) | Date | June 14, 2013 |
| Title | JACQUELINE N MERRIMAN VAN VACTOR, ET AL. V. WELLS FARGO BANK, N.A., ET AL. | | |

involve at most interpreting statutory guidelines rather than reviewing the legality of the actions of a federal agency. Accordingly, One & Ken Valley does not inform the outcome here.

## IV.   CONCLUSION

In accordance with the foregoing, the Court concludes that it lacks jurisdiction over this case and hereby **REMANDS** the action to the Los Angeles County Superior Court.

IT IS SO ORDERED.

|  |  |  | 00 | : | 00 |
|---|---|---|---|---|---|
|  | Initials of Preparer |  |  | CMJ |  |